Cherylene Nauss, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Stephen R. Krone,* for petitioner.

*Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 9, 1979:

To decide the very narrow issue presented by this appeal it is not necessary to recite the rather bizarre and complicated facts which gave rise to the problem. Petitioner has requested a retroactive one-time grant of unborn child benefits. The eligibility conditions for unborn children, found at Section 145.43(b) of the Department's Public Assistance Manual (Manual)[1], 55 Pa. Code §145.43(b) provides pertinently:

(b) *AFDC eligibility conditions for unborn children.* The following will constitute the AFDC eligibility conditions for unborn children:

(1) An unborn child will be considered an AFDC child if the following two conditions are met:

---

[1] The Department's Public Assistance Manual is now codified in the Pennsylvania Code, although this was not true at the time relevant to this appeal. Since the meaning of the regulations as they appeared at the relevant times is not materially different nor an issue in this appeal all references are made to the current version appearing in Title 55 of the Pennsylvania Code.

(i) The circumstances of the parent or parents are such that the child, if born, would qualify as a dependent child.

(ii) The pregnancy has been established by a physician.

(2) For purposes of determining need and the amount of the grant, the assistance unit will be considered to have one additional member when a pregnancy is medically diagnosed. Assistance will be authorized effective the first payment date after the pregnancy has been established. . . .

The pertinent facts are that petitioner's pregnancy was diagnosed by a physical examination on April 12, 1976. The first notice that the respondent had *from petitioner* as to her pregnancy was on April 12, 1977, over one year later and four months after the child was born. On June 10, 1976, the respondent had received a statement from a man then living with petitioner indicating he was unable to seek employment because he was needed "at home" to care for petitioner who was having a difficult pregnancy. For this purpose he submitted a statement from a physician that petitioner was pregnant.

For reasons that must be good and sufficient and are not at issue here the respondent has awarded the retroactive one-time grant for an unborn child back to June 10, 1976,[2] accepting the filing of the totally unrelated paper as establishing pregnancy for this purpose. Petitioner appeals, asserting that the above

---

[2] The regulation at issue clearly provides that assistance is to begin on the first payment date after the pregnancy has been established, which the record indicates would have been June 21, 1976, accepting the June 10, 1976 date as date pregnancy has been established by the Department of Public Welfare. However, since no appeal has been taken from this determination, it will not be reconsidered here.

quoted regulation entitles her to have the retroactive benefit computed from April 12, 1976, the date the pregnancy was diagnosed by a physical. We disagree and affirm the Department.

There is no need to speculate why the Department of Public Welfare's regulations, quoted above, made a distinction between the date when the assistance unit is considered to have one additional member, *i.e.* when the pregnancy is medically diagnosed, and the date assistance is authorized, *i.e.* the first payment date after the pregnancy has been established. Established can only mean established with the County Board of Assistance, the only source of benefits. It could not have been established until the County Board of Assistance was informed, albeit in the most indirect way, on June 10, 1976.

Accordingly, we will enter the following

### ORDER

AND Now, March 9, 1979, the final administration action of the Department of Welfare dated, September 8, 1977, in case No. 56684-C, affirming in part and denying in part a request for a retroactive one-time grant of unborn child benefits is hereby affirmed.